UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROOHI ALI,

    Defendant.
_____/

Case No. 13-20365

Hon. George Caram Steeh

ORDER DENYING MOTION FOR
COMPASSIONATE RELEASE (ECF NO. 79)

Defendant Roohi Ali seeks compassionate release from prison, based upon her increased risk of severe illness should she contract COVID-19. As explained below, Ali's motion is denied.

Ali pleaded guilty to conspiracy to commit health care fraud and was sentenced to 18 months in prison on January 16, 2020. After she was hospitalized in March 2020, the court extended her self-surrender date to allow her medical condition to stabilize. The parties agreed to extend Ali's self-surrender date a second time, to September 15, 2020. Ali began serving her sentence at Lexington FMC on that date and is projected to be released on December 23, 2021.

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Although compassionate release motions were historically initiated only by the Bureau of Prisons, the First Step Act allows prisoners to file such motions on their own behalf, after exhausting their administrative remedies. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).

When reviewing a compassionate-release motion, the court considers the following: (1) whether "extraordinary and compelling reasons" warrant a sentence reduction; (2) whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) whether "all relevant sentencing factors listed in 18 U.S.C. § 3553(a)" support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)).

The only potentially applicable policy statement is set forth in U.S.S.G. § 1B1.13. The Sixth Circuit has determined that this policy

statement applies only to motions brought by the BOP, not to those brought by incarcerated persons. Therefore, "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111; *accord Elias*, 984 F.3d at 519-20.

Courts have found the "extraordinary and compelling" prong is satisfied as a result of the COVID-19 pandemic, the increased risk of contracting the virus in prison, and underlying health conditions that create the danger for severe complications if a defendant is infected. *See, e.g.*, *United States v. Mitchell,* 2020 WL 3972656, at *3 (E.D. Mich. July 14, 2020) (Type 2 diabetes and hypertension, in conjunction with COVID-19 pandemic, constituted extraordinary and compelling reasons); *United States v. Hargrove*, 2021 WL 509905, at *2 (E.D. Mich. Feb. 11, 2021) (heart failure, type 2 diabetes, and severe obesity, among other ailments). *See also United States v. Bass*, 2021 WL 476467, at *1 (6th Cir. Feb. 5, 2021) ("A defendant whose medical conditions increase his risk of severe illness may be able to demonstrate extraordinary and compelling reasons supporting release."). In determining whether a medical condition qualifies under this standard, the court may consider guidance from the Centers for

Disease Control and Prevention. *Elias*, 984 F.3d at 521. The court may also consider current facility conditions and infection rates by consulting the Bureau of Prisons' COVID-19 response webpage. *Id.*

Ali, who is 56 years old, suffers from asthma, coronary artery disease, and hypertension. According to the CDC, persons with coronary artery disease are at an increased risk for severe illness should they contract COVID-19.[1] Asthma and hypertension may also create an increased risk for severe illness. *Id.* In addition, the risk of hospitalization and death increases significantly with age.[2] Lexington FMC currently reports seven inmate and four staff cases of COVID-19.[3] According to Ali, she was housed in the same room with seven inmates, four of whom have tested positive.

The court finds, as the government concedes, that Ali's serious, documented health conditions, combined with her age and the increased risk of contracting COVID-19 in the prison environment, present extraordinary and compelling reasons supporting compassionate release.[4]

---

[1] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (updated February 22, 2021).

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html.

[3] https://www.bop.gov/coronavirus/ (last accessed March 8, 2021).

[4] The court notes the rapidly evolving nature of the pandemic and BOP response. In addition to other preventative measures, the BOP is vaccinating inmates and staff and has administered more than 70,000

The court next determines whether the relevant sentencing factors set forth in § 3553 support a reduction. These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment, general and specific deterrence, and the protection of the public. 18 U.S.C. § 3553(a).

Ali, along with her husband, engaged in a conspiracy to defraud Medicare by obtaining reimbursement for physical therapy services that were not actually provided. Ali caused Medicare to pay more than $5.7 million in fraudulent claims over a period of seven years. Although her guidelines range was 87-108 months, the government sought a downward departure pursuant to U.S.S.G. § 5K1.1, based upon her substantial assistance. On January 16, 2020, the court sentenced Ali to 18 months of imprisonment, a significant reduction that reflected her acceptance of responsibility, her lack of criminal history, and her sustained and meaningful cooperation with the government.

The government opposes any further reduction, based primarily upon the fact that Ali has served only about a third of her sentence, which is

---

doses of vaccine. *See* https://www.bop.gov/coronavirus/. As of March 8, 2021, 270 staff and 127 inmates at Lexington FMC have been fully vaccinated against COVID-19.

already relatively lenient given the magnitude of her offense. The court agrees that the § 3553 factors do not support any further reduction in Ali's sentence. The significant fraud perpetuated by Ali requires a commensurate level of punishment in order to provide respect for the law, general and specific deterrence, and to account for the seriousness of her offense. Ali has already received a significantly below-guidelines sentence; any further reduction would not constitute a just punishment or align with the other § 3553 considerations.

Therefore, IT IS HEREBY ORDERED that Ali's motion for compassionate release is DENIED.

Dated: March 9, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 9, 2021, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk